**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0235-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LEROY MOORE,

     Defendant-Appellant.

_____

Submitted November 5, 2018 – Decided November 26, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-08-1199.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an August 10, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Judge Alberto Rivas entered the order and rendered a comprehensive written decision. We affirm.

On appeal, defendant argues:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR ALLOWING HIM TO PLEAD WITHOUT A FACTUAL BASIS/WITHOUT GUILT TO THE CRIME CHARGED, FOR ADVISING HIM INCORRECTLY ABOUT JAIL CREDITS, FOR MISINFORMING HIM ABOUT THE APPEAL OF HIS MOTION TO SUPPRESS, FOR FAILING TO REPRESENT HIM ADEQUATELY AT SENTENCING, AND FOR FAILING TO INVESTIGATE PRETRIAL.
>
> POINT II
>
> [DEFENDANT'S] GUILTY [PLEA] MUST BE VACATED AS IT WAS NOT KNOWING AND VOLUNTARY BECAUSE IT WAS ENTERED INTO WITHOUT A FULL UNDERSTANDING OF THE PENAL CONSEQUENCES.

In his pro se supplemental brief, defendant argues the following additional points, which we have renumbered:

2

POINT III

[THE] TRIAL COURT ERRED WHEN IT FAILED TO ENTERTAIN THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL[']S FAILURE TO INVESTIGATE THE SEARCH WARRANT THAT FAILED TO DESCRIBE THE PLACE TO BE SEARCHED.

POINT IV

[THE] PCR COURT MADE ERROR [BY] DENYING [DEFENDANT THE OPPORTUNITY] TO RAISE HIS CLAIM OF PROSECUTORIAL MISCONDUCT DURING PCR.

POINT V

[THE] PCR COURT ERRED WHEN IT FAILED TO ENTERTAIN [DEFENDANT'S] CLAIM OF JUDICIAL MISCONDUCT AND SAME WAS ALSO OUTSIDE OF THE RECORD UNTIL [DEFENSE COUNSEL] BROUGHT IT TO [THE] ATTENTION OF PCR COUNSEL.

As to his PCR contentions, defendant primarily maintains that his counsel rendered ineffective assistance in the plea and non-plea process. As to the plea process, defendant argues his counsel encouraged him to plead guilty to a drug crime he did not commit; allowed him to plead guilty to that drug charge without obtaining an adequate factual basis; misled him about jail credits; misinformed him about appealing from the denial of his motion to suppress; and otherwise

A-0235-17T1

failed to investigate pretrial. For his PCR claim unrelated to the plea process, defendant argues that his counsel failed to represent him adequately at sentencing.

Judge Rivas correctly denied the petition without conducting an evidentiary hearing. A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). As to all of his PCR arguments, defendant failed to demonstrate a prima facie case of ineffectiveness under either prong of Strickland.

Additionally – regarding defendant's contention that his counsel rendered ineffective assistance during the plea process – both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland test to

4

challenges of guilty pleas based on ineffective assistance of counsel. <u>Lafler v. Cooper</u>, 566 U.S. 156, 162-63 (2012); <u>Missouri v. Frye</u>, 566 U.S. 134, 140 (2012); <u>State v. DiFrisco</u>, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. <u>Lafler</u>, 566 U.S. at 163 (quoting <u>Strickland</u>, 466 U.S. at 694). Defendant did not meet this test.

As to the plea process, defendant pled guilty to multiple charges in three separate indictments.[1] Defendant's assertion that his counsel encouraged him to plead guilty, and that he then gave an inadequate factual basis, pertains solely to the 1000-foot school zone drug charge, which is Count Fourteen of Indictment No. 12-08-01199. In May 2013, defendant testified voluntarily at the plea hearing – at which he provided an adequate factual basis for the charge – that he

---

[1] Defendant pled guilty to three counts of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) and N.J.S.A. 2C:35-5(a)(1); two counts of second-degree possession of CDS with intent to distribute within 500 feet of public housing, N.J.S.A. 2C:35-7.1; third-degree possession of CDS with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7; and third-degree bail jumping, N.J.S.A. 2C:29-7.

The court initially sentenced defendant to an aggregate prison term of seventeen years with eight years of parole ineligibility. The court then modified that sentence – as the court said giving him an "extraordinary opportunity" – and imposed a five-year probationary term conditioned on him entering a long-term drug treatment program. But defendant then violated probation, which led to the re-imposition of the original sentence.

possessed cocaine with the intent to distribute within 1000 feet of Columbus Elementary School on August 28, 2009. The indictment, however, identified the wrong school.

Naming the wrong school in the indictment, plea papers, and during the plea hearing itself – as Judge Rivas correctly recognized – did not warrant PCR relief. The judge concluded, and we agree with him on this record, that the reference to Columbus Elementary School "did not materially and prejudicially influence[] [defendant's] decision to plead guilty." Defendant pled guilty because he was guilty. At the PCR hearing, and on this appeal, he failed to show with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Defense counsel did not render any improper advice. Rather, defendant testified that he possessed the drugs with the intent to distribute within 1000 feet of a school. On this last point, Judge Rivas determined that defendant pled guilty without any pressure, freely, knowingly, and voluntarily.

There is no basis whatsoever to support defendant's contention that his counsel misled him about the amount of jail credits he would receive. Defendant's jail-credits contentions amount to no more than bald assertions. Defense counsel questioned defendant on the record at the plea hearing about

the penal consequences of the guilty pleas, especially the amount of jail credits that defendant would receive. Defendant himself explained on the record what he understood the jail credits to be. And after testifying about his understanding of the penal consequences and jail credits, defendant had no questions. Once again, Judge Rivas found – on this issue – that defendant pled guilty freely, knowingly, and intelligently.[2] Even at the sentencing hearing, defense counsel reiterated on the record defendant's understanding of the jail credits, which was consistent with the plea agreement and defendant's testimony when he pled guilty.

Defendant had moved to suppress the drugs because he believed the search warrant failed to specify which apartment to search in the multi-dwelling building. Defendant now argues that after the court denied his suppression motion, he learned that the police entered other apartments in the building before finding his apartment. Defendant contends that his counsel failed to investigate the matter and did not effectively pursue his pro se motion for reconsideration of the order denying his motion to suppress. He maintains that this purported

---

[2] On his direct appeal, we rule affirmed defendant's pro se argument that the sentencing judge erred by denying jail and gap-time credits. State v. Moore, No. A-1695-13 and No. A-0805-14 (App. Div. June 7, 2016) (slip op. at 8).

ineffectiveness led to his guilty pleas and an inadequate presentation of his direct appeal.

Defendant raised three arguments on his direct appeal pertaining to the search warrant.

> POINT I
>
> THE SEARCH WARRANT AFFIDAVIT DID NOT PROVIDE PROBABLE CAUSE TO BELIEVE CONTRABAND WOULD BE DISCOVERED IN APARTMENT J-10, IN DEFENDANT'S CAR, OR ON DEFENDANT'S PERSON.
>
> POINT II
>
> BECAUSE THE SEARCH WARRANT DID NOT INCLUDE THE APARTMENT NUMBER IN A MULTI-UNIT DWELLING, THE WARRANT FAILED THE PARTICULARITY REQUIREMENT AND THE EVIDENCE DISCOVERED MUST BE SUPPRESSED.
>
> . . . .
>
> POINT [III]
>
> [THE] TRIAL COURT ERRED WHEN DEN[YING] DEFENDANT[']S MOTION TO SUPPRESS THE SEARCH WARRANT WHICH FAILED TO DESCRIBE THE PLACE TO BE SEARCHED AND FOR THOSE REASONS THE CONVICTIONS MUST BE VACATED AND SEARCH WARRANT QUASHED.

A-0235-17T1

We fully considered defendant's search-warrant contentions in our unpublished opinion affirming his convictions.

> We reject defendant's contention the police lacked probable cause to suspect contraband would be found at 100 Roosevelt, in his vehicle, or on his person. The search warrant affidavit related numerous controlled drug transactions between police and defendant, corroborating the CI's information that although defendant no longer resided in 100 Roosevelt, he still distributed drugs from the location. The police also corroborated the CI's tip that defendant sold drugs from his vehicle by performing a controlled drug transaction with defendant from the GMC and by observing him driving the GMC several times, including transporting items defendant maintained under the staircase at 651 Roosevelt.
>
> We also reject defendant's argument that the warrant affidavit did not describe the place to be searched in 651 Roosevelt with sufficient particularity because it did not identify an apartment number.
>
> The affiant supported the warrant request with photographs of the building and described the premises in detail:
>
>> 651 Roosevelt Ave[.] (front right door from Roosevelt [A]ve[.] ) . . . is described as a multi-family residence. 651 Roosevelt i[s] located on the corner of Leick Ave. and Roosevelt Ave. The exterior of the building on the Leick Ave[.] side and the Roosevelt Ave[.] side consists of tan colored brick. The front right door is brown in color with a white colored door frame. The brown colored door has brass

colored hardware on the middle and top part of [the] door. The brown colored front right door has a black colored mail[box] on the left side. There are also two white trimmed windows to the left side of the mailbox. 651 Roosevelt Ave[.] (front right door from Roosevelt [A]ve[.]) . . . and all common areas related to 651 Roosevelt Ave[.] . . . which [defendant] has access to and is able to store CDS in.

The affiant was not unsure which apartment defendant occupied; there were no inaccuracies in the description; and the warrant did not authorize a search of the entire building. The description of the area to be searched was detailed; an officer using reasonable effort would be able to determine the intended premises.

[Moore, slip op at 8-10 (alterations in original) (citations omitted).]

We reiterate that probable cause existed to support the issuance of the search warrant.

Even assuming that the police entered other apartments in the building, the State did not charge defendant with possession of CDS seized from the other apartments; there is no credible evidence in this record showing that the police seized CDS from other apartments. Furthermore, pursuing reconsideration of the order denying suppression of the CDS would have been futile. Therefore, even if defendant had satisfied prong one of Strickland – which he has not done – he is unable to satisfy prong two. And defendant has failed to show with

10

"reasonable probability" that the result would have been different had he received proper advice from his attorney about a reconsideration motion or additional arguments on the direct appeal.

We conclude that defendant's remaining arguments are "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(2). We only add that purported prosecutorial misconduct and judicial misconduct – both of which are completely unsupported on this record – are not claims of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                                    A-0235-17T1